■ In the Matter of the MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent-Appellant, v. TAX COMMISSION OF THE CITY OF NEW YORK, Appellant-Respondent.— Order, entered on or about May 6, 1959, modified on the law and on the facts by reducing the total assessment on petitioner's property to $11,000,000 of which $1,400,000 is for land and $9,600,000 for building; and as thus modified, affirmed, without costs. In the last prior proceeding decided in 1957 by this court relating to the same property (3 A D 2d 830) it was determined that for the years 1951–1952 and 1952–1953 an assessment of $1,345,000 for the land and $9,600,000 for the building, a total of $10,945,000 was justified. In the present proceeding, covering the years immediately following the last period examined and through 1958–1959, the respondent had each year assessed the land at $1,400,000 and the building at $10,100,000, making a total assessment of $11,500,000. The court at Special Term reduced these assessments to $1,345,000 for the land, the same amount affirmed by this court on the last review; and to $9,100,000 for the building, which was $500,000 less than the amount affirmed by this court and $1,000,000 less than the assessment made by the respondent. We are of opinion that the building should be assessed at the same amount affirmed on the last appeal, but that the judgment of the respondent Tax Commission that there has been an increase in the land value since 1952–1953, as reflected in the relatively small increase in the land assessment, should be confirmed. Not only is there no credible showing of facts which would rebut this conclusion of the assessor that there has been some increase in land value in the area which would ordinarily be accepted by the court prima facie, but the proof of respondent in support of the assessment more than sustains the land value as assessed. Although both experts were of opinion that the land value was constant through the period in issue, as the respondent itself found, they differed sharply about what the value was. The proof offered by the respondent was that the value of the land through the period here in issue was $1,635,000. Although there is proof that the value of the building has also increased as the basis of the reasonable cost of replacement; the maintenance of fire insurance of $11,400,000; the actual earnings, and the total book values including a reserve for depreciation of $11,467,904, we are of opinion that on balance the value of the building found in the prior proceeding of $9,600,000 should be applied also in these proceedings rather than $10,100,000 fixed by respondent. Concur — Rabin, J. P., Bergan and Bastow, JJ.; Stevens and Eager, JJ., dissent and vote to affirm. Settle order on notice.

■ ELECTRONIC FLOORING SYSTEMS, INC., Respondent, v. NATIONAL LEAD COMPANY et al., Appellants, et al., Defendants.— Order, insofar as appealed from, entered on February 26, 1963, unanimously modified on the law by striking the 13th cause of action; and, as so modified, affirmed, without costs. The 13th cause of action alleges a conspiracy to injure the plaintiff in its business by publishing the alleged libel which is the subject of the preceding causes of action. Assuming that the publication alleged to be libelous is so in fact, a conspiracy to publish adds nothing to the actual publication. If, however, the publication is found to be not otherwise actionable, the conspiracy could, with the addition of other facts, be the basis of an action for prima facie tort. The allegations of the cause of action do not contain the necessary elements. Concur — Botein, P. J., Stevens, Steuer, Bergan and Bastow, JJ.